**Melba M. EAVES, Appellant,**

v.

**John S. EAVES, Appellee.**

Court of Appeals of Kentucky.

Jan. 20, 1956.

engaged in farming and owned and operated a 650 acre farm several miles from Greenville. The parties had at one time lived on the farm, but the wife preferred living in town. In 1952 the wife with her two children moved to her mother's home in Flint, Michigan, where they now reside.

The evidence was rather insubstantial to support the granting of a divorce to either party. We cannot, of course, review the judgment in this respect, but the record convinces us that the parties were about equally at fault.

Since the wife was not wholly at fault and was not guilty of any moral delinquency, if the facts justified it, the Chancellor could have allowed her alimony. Coleman v. Coleman, Ky., 269 S.W.2d 730. Under the circumstances shown, we do not believe he committed reversible error in failing to make such an award. However, in our opinion the allowance for the support of the children was inadequate.

As so often happens, the record is unsatisfactory with respect to the value of the husband's estate and his ability to pay. He owns a 650 acre farm which he values at $30,000. The wife contends it has a value in excess of $75,000, exclusive of livestock, chickens and equipment. He also has a one-fourth interest in over four thousand acres of coal land which the wife values at $220,000. The husband values the interest at about $1,000.

The husband admits to an income of $3,000 in 1952, but in a letter to his wife after the separation he stated that his chickens should produce an income of from $4,000 to $5,000 a year. It appears that prior to the separation the husband gave the wife $225 a month for household expenses.

On the other hand, the wife has no estate of her own, and is now working to support herself and children. It is evident that this will increase the expenses of their maintenance, and we believe it proper to consider the wife and children as a unit

---

Thomas J. Sabetta, Owensboro, for appellant.

W. D. Bratcher, Samuel T. Jarvis, Greenville, for appellee.

CLAY, Commissioner.

In this action a divorce was granted to the husband, and he was ordered to pay $80 a month for the support of his two infant daughters, aged 13 and 8 respectively. The wife appeals on the ground that she should have been awarded a substantial amount as lump sum alimony.

The parties had lived in Greenville, Kentucky, for several years. The husband was

with respect to this allowance. See Napier v. Napier, 286 Ky. 452, 151 S.W.2d 72.

In our opinion the husband is able to and should pay to the wife for the childrens' support the sum of $150 a month.

The wife raises some question about an attorney's fee, but it is not properly before us.

The judgment is reversed for the entry of one consistent with this opinion.